UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

RAYMOND PALAGYI,

       Plaintiff,

vs.

CANADA NATIONAL AND
THE PITTSBURGH & CONNEAUT
DOCK CO.,

       Defendants.

------------------------------------------------------

CASE NO. 1:13-CV-01734

OPINION & ORDER
[Resolving Doc. No.8, 13,14, 15, and 16]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Palagyi moves to remand the case to state court.[1] Defendants Canada National and The Pittsburgh & Conneaut Dock Company oppose the motion [2] and move to dismiss the case for failure to state a claim.[3] For the following reasons, this Court **DENIES** Plaintiffs' motion to remand, **DENIES** Defendant's motion to dismiss, and **DENIES** Plaintiff's motion to stay Defendant's motion to dismiss.

## I. Background

In 1976, Defendant The Pittsburgh & Conneaut Dock Company ("P&C Dock") hired Plaintiff Palagyi.[4] In 1998, Palagyi underwent bilateral wrist surgeries. After these surgeries, P&C Dock assigned Palagyi to light duty.[5] The light work restriction was not an issue for nearly 10 years.[6]

---

[1] Doc. 13.
[2] Doc. 14.
[3] Doc. 8.
[4] Doc. 1-1 at 2.
[5] *Id.*
[6] *Id.*

Case No. 1:13-CV-01734
Gwin, J.

For parts of 2008 and 2009, P&C Dock furloughed Palagyi.[7] On February 2, 2009, P&C Dock recalled Palagyi to service and enrolled him in a new company health plan.[8] On February 4, 2009, P&C Dock removed Palagyi from service, allegedly because of his work restrictions.[9]

Under Palagyi's previous insurance, P&C Dock provided health insurance coverage to an out of service employee under workers' compensation disability restriction and his spouse without time limitations.[10] Under Palagyi's new health insurance, P&C Dock only provided coverage to an out of service employee for two years and his spouse for one year.[11]

On April 29, 2013, Plaintiff Palagyi filed a complaint in Ashtabula County Common Pleas Court. He sued for fraud, intentional infliction of emotional distress, and unjust enrichment.[12] In his complaint, Palagyi says Defendant P&C Dock recalled him from furlough, enrolled him in a new health insurance plan, and removed him from service in order to deprive him of the benefits of his previous insurance.[13]

On August 9, 2013 Defendants removed the case to this Court.[14] In its notice of removal, Defendants say Palagyi's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and are thus removable.[15]

On August 16, 2013, Defendant P&C Dock filed a motion to dismiss for failure to state a

---

[7] *Id.* at 3.
[8] *Id*.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *See generally* Doc. 1-1.
[13] *Id.*
[14] Doc. 1.
[15] *Id.*

Case No. 1:13-CV-01734
Gwin, J.

claim. In its brief in support, P&C Dock says Plaintiff Palagyi's state law claims should be dismissed because they are preempted by ERISA.[16] On August 26, 2013, Plaintiff Palagyi filed a motion to remand the case to state court.[17] The Court will first address Plaintiff Palagyi's motion to remand and then address Defendant P&C Dock's motion to dismiss.

## II. Motion to Remand

### A. Legal Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction."[18] Federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.[19] In determining whether a claim arises under federal law, courts use the "well-pleaded complaint" rule, "whether a federal question 'necessarily appears in the plaintiff's statement of his own claim.'"[20]

However, complete preemption is an exception to the well-pleaded complaint rule. Complete preemption occurs when Congress has completely legislated an area so that "any civil complaint raising this select group of claims is necessarily federal in character."[21] The Supreme Court held that claims that fall within ERISA's civil enforcement provision, Section 502, are completely preempted and removable by the defendant.[22] Section 502 provides

> A civil action may be brought—(1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or

---

[16] Doc. 8.
[17] Doc. 13.
[18] 28 U.S.C. § 1441(a).
[19] 28 U.S.C. § 1331.
[20] *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 612 (6th Cir. 2013) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)).
[21] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).
[22] *Davila*, 542 U.S. at 207-208; *Metro. Life*, 481 U.S. at 66-67.

-3-

Case No. 1:13-CV-01734
Gwin, J.

to clarify his rights to future benefits under the terms of the plan.[23]

**B. Analysis**

Because ERISA's civil enforcement provision completely preempts state law claims, the issue here is whether Plaintiff Palagyi's state law claims for fraud, intentional infliction of emotional distress, and unjust enrichment fall within this provision. In order to determine whether a state law claim falls within ERISA civil enforcement provision, the Sixth Circuit developed a two-part test. First, "the plaintiff complains about the denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan." Second, "the plaintiff does not allege the violation of any 'legal duty (state or federal) independent of ERISA or the plans terms.'"[24]

Both prongs of this two-part test are met here. First, Plaintiff Palagyi complains about the "denial of benefits to which he is entitled 'only because of the terms of an ERISA-regulated employee benefit plan."[25] Plaintiff Palagyi says that P&C Dock recalled him from furlough, enrolled him in a new healthcare plan, and then within 48 hours removed him from service with the purpose and intent to deprive him of coverage provided under his old ERISA plan.[26] If proven, Palagyi makes out a claim under 29 U.S.C. § 1140.[27] Palagyi says under his old ERISA plan, he and his spouse were entitled to health insurance without an end date, but under his new plan, he is entitled to health

---

[23] 29 U.S.C. § 1132(a)(1)(B).
[24] *Gardner*, 715 F.3d at 613 (quoting *Davila*, 542 U.S. at 210).
[25] *Id.*
[26] Doc. 1-1.
[27] In relevant part, ERISA § 510, provides:

It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan....

29 U.S.C.§ 1140; *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142-44 (1990) (holding ERISA § 502(a) is "the exclusive remedy" for vindicating § 510 protected rights ).

Case No. 1:13-CV-01734
Gwin, J.

insurance for two years and his spouse for only one year.[28] At its core, Palagyi's claim is that P&C Dock interfered with his right to perpetual coverage guaranteed under his old ERISA plan by enrolling him in a new, more limited health care plan. This claim is analogous to a claim that an employer terminated an employee in order to avoid paying health and/or retirement benefits. Courts have recognized that ERISA preempts such state law claims that employers interfered with employees' receipt of benefits through termination.[29]   Accordingly, the first prong is met.

Second, Palagyi does not claim any violation of any legal duty independent of the ERISA plan. "Whether a duty is 'independent' of an ERISA plan ... does not depend merely on whether the duty nominally arises from a source other than the plan's terms."[30] Therefore, it makes no difference that "Plaintiff has only pled state law claims and has pled damages separate and apart from any damages for benefits recoverable under ERISA."[31] What matters is whether P&C Dock's duty and potential liability  under state law "derives entirely from the particular rights and obligations established by the [ERISA] benefit plan."[32] Here, interpretation of Palagyi's old ERISA plan is necessary to determine whether P&C Dock interfered with his right to future benefits under the ERISA plan by recalling him from service and enrolling him in a new plan. The claims here would not exist if the ERISA plan did not exist. Therefore, there is no independent legal duty and prong two

---

[28] Doc. 1-1 at 3.

[29] *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990) (holding that ERISA preempted plaintiff's state law claim for unlawful discharge that his employer terminated him in part to avoid paying pension benefits); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674 (3d Cir. 2000) (holding that ERISA preempted plaintiff's state law claim for discrimination that his employer terminated him to avoid paying benefits); *Kalo v. Moen Inc.*, 93 F. Supp. 2d 869, 870 (N.D. Ohio 2000) (holding that ERISA preempted plaintiff's state law claim for violation of public policy that his employer terminated him for the purpose of preventing his receipt of benefits he was soon entitled).

[30] *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 613 (6th Cir. 2013).

[31] Doc. 13 at 2.

[32] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 213 (2004).

Case No. 1:13-CV-01734
Gwin, J.

is satisfied.[33]

For the foregoing reasons, Plaintiffs' motion to remand is **DENIED**.

### III. Motion to Dismiss

**A. Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[34] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[35]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief."[36] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

---

[33] This case is distinguishable from *Gardner v. Heartland Indus. Partners*. In *Gardner*, the Sixth Circuit held that participants' state law claim for tortious interference with a contract was not completely preempted by ERISA. The Sixth Circuit found that participants' state law claim of tortious inference with a contract was independent of the ERISA plan because defendants' duty not to interfere with the contractual agreement did not derive from the terms of the ERISA plan. In reaching its decision, the Sixth Circuit compared *Arditi v. Lighthouse International,* 676 F.3d 294 (2d Cir. 2012) and *Stevenson v. Bank of New York, Co.,* 609 F.3d 56 (2d Cir. 2010). In *Arditi,* the Second Circuit held plaintiff's state law claim for breach of the employment agreement was "entirely derivative of its duty under the [ERISA] plan-absent any duty under the plan, there was no duty under the contract- and thus the contractual duty was not 'separate and independent of the plan for purposes of preemption". In *Stevenson,* the Second Circuit held that plaintiff's state law claim for breach of contract was independent of the ERISA plan because it arose from a "separate promise" made by defendant to continue insurance coverage when he transferred offices despite the fact coverage under the ERISA plan was supposed to end. 609 F.3d 56 (2d Cir. 2010). Here, the present case is more analogous to *Arditi*, Plaintiff Palagyi's state law claims for fraud, intentional infliction of emotional distress, and unjust enrichment derive entirely from the terms of his old ERISA plan. Absent any duty under the ERISA plan, there would be no duty to not interfere with Palagyi's rights to future benefits under the plan. As such *Gardner* is inapposite from the present case. *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609 (6th Cir. 2013).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[35] *Id*.
[36] Fed.R.Civ.P. 8(a)(2).

-6-

Case No. 1:13-CV-01734
Gwin, J.

more than conclusions."[37] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[38]

**B. Analysis**

Defendant P&C Dock moved to dismiss Palagyi's claims for failure to state a claim upon which relief can be granted because ERISA completely preempts the claims.[39] The Court found that ERISA completely preempts Plaintiff Palagyi's claims for fraud, intentional infliction of emotional distress, and unjust enrichment. This has the effect of converting Palagyi's state law claims into a federal ERISA claim.[40] Because complete preemption by ERISA converts the state-law claims into a federal claim upon which relief can be granted, the Court denies Defendant P&C Dock's motion to dismiss. Plaintiff Palagyi is granted leave to amend his Complaint to properly plead his preempted state law claims under ERISA. The Court further grants the parties leave to more fully brief the statute of limitations issues.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand this case to state court is **DENIED,**

---

[37] *Iqbal,* 556 U.S. at 678–79. (citations omitted).
[38] *Id.*
[39] Doc. 8 and Doc 8-2.
[40] *Metro. Life*, 481 U.S. at 66 (stating that complete preemption under ERISA "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.")

Case No. 1:13-CV-01734
Gwin, J.

Defendant's motion to dismiss is **DENIED**, and Plaintiff's motion to stay is **DENIED.**

  IT IS SO ORDERED.


Dated: October 2, 2013             s/  *James S. Gwin*
                       JAMES S. GWIN
                       UNITED STATES DISTRICT JUDGE