UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

RAYMOND PALAGYI,

        Plaintiff,

vs.

PITTSBURGH & CONNEAUT
DOCK CO.,

        Defendant.

-------------------------------------------------------

CASE NO. 1:13-CV-01734

OPINION & ORDER
[Resolving Doc. No. 39, 40, & 41]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this ERISA case, Defendant Pittsburgh & Conneaut Dock Company ("P&C Dock") petitions for attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).[1] Plaintiff Palagyi opposes.[2] For the reasons below, the Court **DENIES** Defendant's motion for attorney fees and costs.

ERISA establishes that the Court may award a prevailing party reasonable attorney fees and costs "in the Court's discretion."[3] The Sixth Circuit has identified five factors that a district court should consider in determining whether an award of attorney fees and costs is appropriate under 29 U.S.C. § 1132(g)(1). These factors are as follows:

> (1) [T]he degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the

---

[1] Doc. 39.
[2] Doc. 40.
[3] 29 U.S.C. § 1132(g)(1).

-1-

Case No. 1:13-CV-01734
Gwin, J.

relative merits of the parties' positions.[4/]

These factors are flexible, and none of them are necessarily dispositive.[2/] The Court will address each of the factors in turn.

First, the Court considers the opposing party's culpability or bad faith. Here, Plaintiff Palagyi brought suit claiming that Defendant P&C Dock furloughed him, recalled him to service, and then terminated him in order to deny him his right to lifetime health insurance.[3/] At the time Plaintiff Palagyi filed his Complaint, he did not have access to the old or new health insurance plans. While the Court ultimately found that Plaintiff Palagyi was never entitled to lifetime health coverage under his old or new health insurance coverage,[3/] the Court does not find bad faith on the part of Plaintiff Palagyi.

Second, the Court reviews the opposing party's ability to satisfy an award of attorney fees and costs. Plaintiff Palagyi is a lower-middle-class laborer who has been out of work for significant amount of time.[4/] As such, the Court finds he is not able to pay for Defendant's attorney fees and costs.

Third, the Court considers the deterrent effect. Although the Court found that the Plaintiff's claim could not survive summary judgment, awarding attorney fees in ERISA cases would tend to create a chilling effect on other plaintiffs seeking redress under ERISA.

Fourth, the Court considers whether Defendant P&C Dock sought to confer a common

---

[4]*Armistead v. Venitron Corp.*, 944 F.2d 1287, 1301 (6th Cir.1991) (quoting *Sec'y of the Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir.1985)).

[2]*Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 937 (6th Cir.1996).

[3]Doc. 1.

[3]Doc. 37.

[4]*See* Doc. 33-8 at 3.

Case No. 1:13-CV-01734
Gwin, J.

benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA. It is clear that Defendant P&C Dock did not seek to confer a common benefit on all participants and beneficiaries of an ERISA plan. Furthermore, this case did not resolve any legal questions involving the interpretation of ERISA.

Finally, the Court considers the relative merit of the parties' positions. The fifth factor weighs in favor of Defendant P&C Dock who was successful on the merits. This factor alone, however, does not support an award of attorney fees. After considering these factors, and in the exercise of this Court's discretion, the Court declines to award attorney fees and costs in this action.

For the foregoing reasons, the Court **DENIES** Defendant's motion for attorney fees and costs.

IT IS SO ORDERED.


Dated: March 25, 2014  s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE